Dear Mr. Goren:
On behalf of the Coral Springs City Commission, you ask the following questions:
1. Is the moratorium imposed by Chapter 2007-67, Laws of Florida, prohibiting a municipality from enacting an ordinance which would directly prohibit or directly interfere with the safety standards established by state law or the right to purchase, sell, use, or possess consumer fireworks in Florida still in effect?
2. If such moratorium is still in place, must the Florida Legislature pass legislation that explicitly repeals the moratorium in order for the moratorium to be lifted?
In sum:
The moratorium imposed by Chapter 2007-67, Laws of Florida, prohibiting a municipality from enacting an ordinance which would directly prohibit or directly interfere with the safety standards established by state law or the right to purchase, sell, use, or possess consumer fireworks in Florida is still in effect, and will continue until such time as the Legislature takes action to repeal the prohibition.
As your questions are interrelated, they will be answered together.
According to your letter, the City of Coral Springs does not currently regulate the possession, sale, or use of consumer fireworks, but enforces the provisions of Chapter 791, Florida Statutes, which regulates the sale of fireworks in this state. You state that the city commission has received comments from the public expressing concern about the limited tools afforded by Chapter 791 relating to the possession, sale, and use of consumer fireworks and is interested in exploring the option of municipal regulation. The commission, however, is concerned about the moratorium imposed by Chapter 2007-67, Laws of Florida.
During the 2007 legislative session, the Legislature, concerned that state regulation of consumer fireworks in Florida provided an insufficient definition of consumer fireworks and related products used by consumers and that there was a need for standards concerning tents and other temporary retail facilities selling consumer fireworks, created a Consumer Fireworks Task Force within the Department of Agriculture and Consumer Services.[1] The purpose of the task force was to study
"issues concerning the proper use of consumer fireworks, the regulation of sales and temporary sale facilities for consumer fireworks, the regulation of the hours and location of the use of consumer fireworks, the property zoning classifications for sale facilities for consumer fireworks, the funding options for fire official training and education, and funding options for cleanup of expended consumer fireworks products."[2]
A report of the recommendations and findings of the task force was required to be submitted to the President of the Senate and the Speaker of the House of Representatives by January 15, 2008, and the task force would be abolished upon the transmittal of the report.[3] On January 15, 2008, the task force presented its final report to the Legislature.[4]
Section 10(5) of Chapter 2007-67, Laws of Florida, provides in pertinent part:
"Pending completion of the Legislature's review of the task force's report and to ensure that fire prevention and safety standards are uniform, . . . a municipality, county, or other unit of local governmentmay not adopt an ordinance, rule, regulation, or other law after March8, 2007, which directly prohibits or directly interferes with the safetystandards established by state law or the right to purchase, sell, use,or possess consumer fireworks in this state. However, if the Legislature enacts legislation to provide for the comprehensive regulation of fire prevention and safety standards for the use of consumer fireworks to replace this subsection on or before July 1, 2008, this subsection does not prohibit opening any such facility, permitting any such temporary facility, or adopting any such ordinance or other law after such legislation is enacted."[5] (e.s.)
The Florida Legislature did not enact legislation to provide for the comprehensive regulation on or before July 1, 2008, nor has it passed legislation repealing the moratorium.[6]
By its plain language, section 10(5), Chapter 2007-67, Laws of Florida, prohibits a municipality from adopting an ordinance, rule, regulation, or other law after March 8, 2007, which directly prohibits or directly interferes with the safety standards established by state law or the right to purchase, sell, use, or possess consumer fireworks in this state. The specified triggering event for ending the moratorium is the enactment of comprehensive fireworks legislation by the Legislature before July 1, 2008. No other conditions are prescribed, nor may this office provide any. To do so would be an act of legislation which is exclusively the prerogative of the Legislature.[7]
In light of the plain language of section 10(5), Chapter 2007-67, Laws of Florida, I must conclude that the City of Coral Springs which did not have an ordinance, rule, or regulation in effect on or before March 8, 2007, is precluded from adopting an ordinance, rule, or regulation that directly prohibits or directly interferes with the safety standards established by state law or the right to purchase, sell, use, or possess consumer fireworks in this state. Such a prohibition remains in effect until the Legislature takes action to remove the prohibition.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] See s. 10(2), Ch. 2007-67, Laws of Fla. And see s. 10(1), Ch.2007-67, Laws of Fla., setting forth the legislative findings:
"(1) The Legislature finds that:
(a) The state regulation of consumer fireworks in Florida provides an insufficient definition of consumer fireworks and related products used by consumers;
(b) There is a need for better training and education concerning the safe use of consumer fireworks;
(c) There should be a mechanism to help local governments fund the clean up following the use of consumer fireworks on public property;
(d) Local government regulation of the agricultural uses authorized by s. 791.07, Florida Statutes, may be inconsistent with legitimate agricultural purposes;
(e) There is a need for consumer education relating to safety standards in the use of consumer fireworks;
(f) There is a need for standards concerning tents and other temporary retail facilities selling consumer fireworks; and
(g) The state would benefit from additional funding for the training and education of fire officials."
[2] Section 10(2)(a), Ch. 2007-67, Laws of Fla.
[3] Section 10(4), Ch. 2007-67, Laws of Fla.
[4] Among the key recommendations adopted by the task force: adoption of clear definitions and conditions for the use of consumer fireworks, removal or revision of certain exemptions, establishment of minimum threshold requirements for consumer fireworks with the ability for local jurisdictions to increase the regulations at the local level, establishment of regulation and safety standards for temporary retail sales facilities, regulation of the hours and location of the use of consumer fireworks, and the development of sufficient fees to ensure that all aspects of the task force's recommendations are revenue neutral to state and local governments. A copy of the report is available online at:http://consensus.fsu.edu/Fireworks-Task-Force/pdfs/Fireworks_Final.pdf.
[5] Section 10(5), Ch. 2007-67, supra, also states that
"a new permanent retail sales facility engaged in sales otherwise permitted under s. 791.07, Florida Statutes, may not be opened in this state after March 8, 2007, unless the permanent retail sales facility has received site-plan approval and construction has begun on or before March 8, 2007; the number of permits for temporary retail sales facilities, such as tents, engaged in sales otherwise permitted by s. 791.07, Florida Statutes, which are issued after March 8, 2007, by a county, municipality, or other unit of local government may not exceed the number of permits that such governmental entity issued for such facilities during the previous calendar year;. . . ."
[6] Senate Bill 2270 (2008), relating to fireworks, was introduced but died during the 2008 general session. The proposed bill amended parts of Chapter 791, Florida Statutes, designating those responsible for enforcement of the fireworks statutes, providing definitions, requiring registration, providing penalties and administrative procedures, and regulating the sale and use of fireworks. The legislation specifically provided for the "nonpreemption" of the regulation of fireworks and sparklers by the state, allowing any authority having jurisdiction to enact an ordinance or rule more stringent or providing a higher degree of safety than provided in Chapter 791. Senate Bill 2270, however, died in committee.
[7] See, e.g., Op. Att'y Gen. Fla. 08-26 (2008), stating that the Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute; such construction when language of statute is clear would in effect be an act of legislation which is exclusive prerogative of the Legislature. Cf. Chaffee v. MiamiTransfer Company, Inc., 288 So. 2d 209 (Fla. 1974); Ops. Att'y Gen. Fla. 06-26 (2006), 87-43 (1987), 86-32 (1986), and 82-20 (1982).